**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

**TROPICA FRESH,**

                **Plaintiff,**          **20-cv-748 (JGK)**

      **- against -**                      **MEMORANDUM OPINION AND**
                                                   **ORDER**

**MR. G INTERNATIONAL PRODUCE INC., et al,**

                **Defendants.**

─────────────────────────────────

**JOHN G. KOELTL, District Judge:**

On April 6, 2020, the plaintiff, Tropica Fresh, filed a motion for an order to show cause for a default judgment against defendants Mr. G International Produce Inc. d/b/a The Best Banana ("Mr. G"), Jose Gomez, Marco Antonio Gomez, and Antonio Gomez. For the reasons stated below, the motion is **granted** and the Court enters a judgment against the defendants.

**I.**

On January 30, 2020, the plaintiff filed a complaint against the defendants. Dkt. No. 7. The complaint alleges, among other claims, breach of contract and failure to maintain a trust pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), against the defendant Mr. G, as well as breach of fiduciary duty against all defendants under 7 U.S.C. § 499b(4). The plaintiff also seeks interest and attorney's fees.

The plaintiff alleges that on December 7, 2019, the plaintiff sold fruits, vegetables, and other perishable commodities to Mr. G in the amount of $20,520.00 and that Mr. G failed to pay for the commodities despite repeated demands from the plaintiff. Compl. ¶¶ 18, 23, 26.

Each of the defendants was served with a summons and the complaint on February 7, 2020. Dkt. Nos. 10-13. No defendant has appeared or responded to the complaint. The plaintiff then requested the entry of a default against the defendants on March 23, 2020. Dkt. Nos. 23-26. Certificates of default for all defendants were entered by the Clerk on March 23, 2020. Dkt. Nos. 27-30. On March 26, the plaintiff moved for a default judgment against the defendants and filed a proposed order to show cause. Dkt. No. 37. The Court entered an Order to Show Cause on April 27, which the plaintiff served on the defendants. Dkt. Nos. 38-42. The defendants have failed to respond.

## II.

"Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment." Gold Medal Produce, Inc. v. KNJ Trading Inc., No. 19-CV-3023, 2020 WL 2747312, at *1 (S.D.N.Y. May 27, 2020). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action,

2

admitted liability to the plaintiff." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Under Rule 55(a), a Clerk of the court is empowered to enter a default against a party that has not appeared. See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). The Clerk has entered such defaults against all of the defendants in this case.

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Mickalis Pawn Shop, 645 F.3d at 128. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); see also Gold Medal Produce, 2020 WL 2747312, at *1.

## A.

In determining whether to grant a motion for default judgment, courts first look to three factors: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." S. Katzman Produce, Inc. v. JAT Beverage Inc., No. 17-CV-7930, 2018 WL 6437058, at *3 (S.D.N.Y. Dec. 7, 2018) (citations omitted).

All three factors favor the entry of a default judgment. The defendants' failures to respond to the complaint and to the motion for a default judgment indicate willful conduct. The Court is unaware of any meritorious defense, and the plaintiffs will be prejudiced because they will have no recourse if they are denied the ability to seek judgment by default.

**B.**

"On a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint." Gold Medal Produce, 2020 WL 2747312, at *2. However, a default "only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant[s]." Double Green Produce v. Forum Supermarket Inc., 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas, 509 F. App'x 54, 56 (2d Cir. 2013)). It is thus "incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action." Gold Medal Produce, 2020 WL 2747312, at *2. The Court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

"PACA was enacted in 1930 'to suppress unfair practices in the marketing of fruits and vegetables in interstate and foreign commerce,' 49 Fed. Reg. 45737, and requires produce dealers to make 'full payment promptly' for any produce they purchase. 7 U.S.C. § 499(b)(4)." S. Katzman Produce, Inc. v. Orel Produce, Inc., No. 18-CV-6947, 2019 WL 4303423, at *2 (S.D.N.Y. Sept. 11, 2019). "[P]erishable agricultural commodities or proceeds from the sale of those commodities are held in trust by the buyer for the benefit of the unpaid seller until full payment is made." Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir. 2007) (quoting 7 U.S.C. § 499e(c)(2)). "The trust is formed at the moment the produce is shipped to the buyer and remains in effect until the seller is paid in full." Gold Medal Produce, 2020 WL 2747312, at *2 (alteration and citation omitted). Furthermore, the fiduciary duty obligation under PACA includes the duty to repay the full debt owed to the produce supplier. See id.

To recover proceeds from a PACA-created trust, a plaintiff must demonstrate that:

> (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer, or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by

> giving written notice to the purchaser of its
> intention to[ ]do so.

A & J Produce Corp. v. Harvest Produce Corp., No. 16-CV-7239,
2017 WL 3668995, at *3 (S.D.N.Y. Aug. 24, 2017) (citation
omitted).

The plaintiff alleges that the defendant Mr. G is liable
for refusing to pay for the perishable agricultural commodities
purchased on credit from the plaintiff and thereby failing to
maintain the trust under Section 499e(c) of PACA. Compl. ¶ 4.
The plaintiff's allegations establish all five elements.

First, perishable agricultural commodities include "fresh
fruits . . . of every kind and character." 7 U.S.C.
§ 499a(b)(4). Because the invoice reflects that the products
sold were green plantains, Compl. Ex. A, the first requirement
is met.

Second, the plaintiff alleges that the defendant purchased
produce in wholesale quantities and is therefore a dealer.
Compl. ¶ 7. The PACA states any person shall be considered a
dealer if they secure and maintain an active license under the
provisions of Section 499c. See 7 U.S.C. § 499a(b)(6). The
plaintiff has attached a print-out of Mr. G's active license
number with the PACA to the complaint as Exhibit B. A search on
the United States Department of Agriculture's website reveals
that the license number listed in Exhibit B of the Complaint is

an active PACA license registered to Mr. G. See Welcome to PACA
Search, United States Department of Agriculture,
https://apps.mrp.usda.gov/public_search; see also Gold Medal
Produce, 2020 WL 2747312, at *3 (taking judicial notice of USDA
website's public records); A & J Produce Corp., 2017 WL 3668995,
at *3 (second requirement met when plaintiff alleged defendant
was a dealer and had an active PACA license number).
Accordingly, the second requirement is met.

Third, "[c]ourts have interpreted the definition of
'interstate commerce' broadly." Double Green Produce, 387 F.
Supp. 3d 260, 269 (finding that allegations that goods sold to
the defendant had been shipped in interstate commerce were
enough to satisfy the third requirement). The plaintiff is a
limited liability company based in California and the defendant
is a New York corporation. Compl. ¶¶ 5-7. The plaintiff alleges
that it sells wholesale quantities of perishable agricultural
commodities in interstate commerce, id. at ¶ 6, and that the
plaintiff shipped the order on December 7, 2019, id. at ¶ 18.
Thus, the transaction occurred in interstate commerce, and the
third element is satisfied.

Fourth, the plaintiff alleges that Mr. G failed to pay for
the commodities despite repeated demands. Id. ¶ 23. Thus, the
plaintiff has not received full payment on the transaction.

Fifth, the plaintiff included the necessary language in its invoice indicating that it was selling the commodities pursuant to the statutory trust authorized by Section 5(c) of PACA. See id. at Ex. A. Specifically, the invoice states that "[t]he seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." Id. Thus, the plaintiff preserved its trust rights by giving written notice to the purchaser. Therefore, the plaintiff's complaint establishes Mr. G's liability under PACA.[1]

The Court next considers whether the individual defendants are jointly and severally liable. See Gold Medal Produce, 2020 WL 2747312, at *4. "An individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." Coosemans Specialties, 485 F.3d at 705 (collecting cases).

The plaintiff alleges that Jose Gomez, Marco Antonio Gomez, and Antonio Gomez each managed, controlled, and directed the

---

[1] Although the plaintiff asserts various other claims in its complaint, all claims arise from and seek damages for the same conduct under PACA. Because the Court finds liability under PACA for breach of trust as set forth below, the Court need not address the alternative claims. Gold Medal Produce, 2020 WL 2747312, at *2 n.1 (collecting cases).

credit purchase of the commodities from the plaintiff, Compl. ¶¶ 40-42, and failed to use funds subject to the PACA trust for payment of the plaintiff's outstanding invoice, id. at ¶ 43. It also alleges that each defendant had control of the disposition of Mr. G's assets, id. at ¶¶ 9, 11, 13, and directed the disbursement of PACA trust funds for purposes other than making payment to the plaintiff, id. at ¶ 44. Accepting these allegations as true, it follows that Jose Gomez, Marco Antonio Gomez, and Antonio Gomez had control over the PACA trust's assets and can be held jointly and severally liable. It is unnecessary to address the alternative claims against these remaining defendants.[2] See Gold Medal Produce, 2020 WL 2747312, at *4.

## C.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (alteration and citation omitted). "The district court must instead conduct an inquiry in

---

[2] Paragraphs 28-38 of the plaintiff's complaint, which presumably include Counts II and III, are missing from the record. Dkt. Nos. 7, 34-1. In any event, no relief is sought based on those missing claims.

9

order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). This "involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." Id. To determine the amount of damages, the Court may conduct an inquest hearing pursuant to Rule 55 of the Federal Rules of Civil Procedure. See Gold Medal Produce, 2020 WL 2747312, at *4; see also Fed. R. Civ. P. 55(b)(2). However, a hearing is not necessary as long as there is a basis for the damages specified in the default judgment. See Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

"Under PACA, a dealer who fails or refuses to make full payment for commodities or fails to maintain the trust as required is liable to the injured party for the full amount of damages sustained." Gold Medal Produce, 2020 WL 2747312, at *4 (internal citations omitted); see also 7 U.S.C. §§ 499b(4), 499e(a). While PACA does not itself establish a right to interest and collection costs, including attorney's fees, a purchaser "is required to pay such items when the parties' contract so provides; in such a case, the interest and collection costs become subject to the PACA trust together with the

principal debt." <u>Dayoub Mktg., Inc. v. S.K. Produce Corp.</u>, No. 04-CV-3125, 2005 WL 3006032, at *4 (S.D.N.Y. Nov. 9, 2005).

In this case, an inquest hearing is not necessary given the clear basis for damages under the PACA.

The plaintiff seeks damages in the principal amount of $20,520.00. This amount matches the amount indicated on the invoice that the defendant Mr. G was required to pay in connection with the corresponding transaction. Compl. Ex. A. Thus, the plaintiff is entitled to damages in the principal amount of $20,520.00 pursuant to Section 499e(a) of PACA. 7 U.S.C. § 499e(a).

The plaintiff also seeks interest at the rate of 9% from January 29, 2020 through the date of judgment. Under the PACA, the award of reasonable prejudgment interest is in the discretion of the Court. <u>See</u> <u>Tomato Mgmt., Corp. v. CM Produce LLC</u>, No. 14-CV-3522, 2014 WL 2893368, at *2 (S.D.N.Y. June 26, 2014). "Courts have awarded prejudgment interest under PACA based on congressional intent to protect agricultural suppliers." <u>E. Armata, Inc. v. Platinum Funding Corp.</u>, 887 F. Supp. 590, 595 (S.D.N.Y. 1995).

The plaintiff seeks interest at the rate of 9% from January 29, 2020 through the date of judgment. The invoice that the plaintiff sent to the defendant does not contain an interest provision. Courts have routinely granted prejudgment interest

11

under the PACA when invoices set interest at 18% per annum. See
e.g., JAT Beverage, 2018 WL 6437058, at *5; Ne. Trading, Inc. v.
Ven-Co Produce, Inc., No. 09-CV-7767, 2011 WL 4444511, at *5
(S.D.N.Y. Sept. 26, 2011). The requested rate of 9% is
equivalent to the New York statutory interest rate for breach-
of-contract claims under N.Y. C.P.L.R. § 5004 (9% per annum) and
is reasonable. See A & B Alternative Mktg., Inc. v. Page Food
Distributors Corp., No. 19-CV-5679, 2019 WL 7194431, at *2
(E.D.N.Y. Dec. 26, 2019) (granting interest rate provided in
N.Y. C.P.L.R. § 5004 when invoices did not set interest rate).
The grant of such interest is also in line with the
congressional intent to protect agricultural suppliers.
Therefore, the plaintiff is also entitled to interest at a rate
of 9% per annum from January 29, 2020 until the date this
judgment is entered.[3]

Third, the plaintiff requests attorney's fees and costs in
connection with the current dispute. The Second Circuit Court of
Appeals has held that "where the parties' contracts include a
right to attorney's fees, they can be awarded as sums owing in
connection with perishable commodities transactions under PACA."
Coosemans Specialties, 485 F.3d at 709 (internal quotation marks

---

[3] The plaintiff submits a memorandum of law in which it states that it
requests both pre- and post-judgment interest at 9% per annum. Dkt. No. 35 at
4. However, the plaintiff is only entitled to post-judgment interest at the
federal interest rate on federal judgments. See 28 U.S.C. § 1961(a).

omitted). However, attorney's fees "may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003). Moreover, attorney's fees "are not available under the PACA statute where a contractual basis for the fees is lacking." E. Armata, 887 F. Supp. at 594. In addition, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012).

Contrary to the plaintiff's statement in its Memorandum of Law, the invoice attached to the Complaint does not include any statement that the plaintiff is entitled to attorney's fees. It is possible that the back of the invoice was inadvertently omitted. But there is no evidence in the record that the parties agreed that the plaintiff would be entitled to attorney's fees for collecting the amount due on the invoice. Nor does the plaintiff provide any evidence regarding the hours worked and the rates claimed. Thus, a contractual basis for the fees is lacking, and the plaintiff is not entitled to an award of attorney's fees and related nontaxable expenses. Costs other than attorney's fees are recoverable under Rule 54(d)(1). If the plaintiff has evidence that it is entitled to attorney's fees under the contract, the plaintiff may move by motion within 14

13

days after the entry of the judgment under Federal Rule of Civil Procedure 54(d)(2)to recover those amounts.

## CONCLUSION

For the reasons explained above, the plaintiff's motion for default judgment is **granted**. The Court finds that the plaintiff is entitled to $20,520.00 in damages and interest calculated at a rate of 9% per annum from January 29, 2020 until the date judgment is entered. The Clerk shall calculate that amount and include it in the Judgment.

In view of the trust imposed under PACA and the urgency of enforcing that trust, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of the Order. The judgment herein is not subject to the 30-day automatic stay that generally applies to judgments by a district court under Federal Rule of Civil Procedure 62(a).

**SO ORDERED.**

**Dated:**     **New York, New York**
              **June 23, 2020**              /s/ John G. Koeltl
                                          **John G. Koeltl**
                                   **United States District Judge**